**Abu KOROMA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–1283–ag NAC.**

United States Court of Appeals, Second Circuit.

June 19, 2006.

Present JAMES L. OAKES, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Abu Koroma (A 78 730 037), through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Noel Anne Brennan's denial of his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The Court reviews questions of law *de novo,* including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's determination that Koroma cannot demonstrate a well-founded fear of future persecution because there has been a fundamental change of circumstance in Sierra Leone, Koroma's country of origin. *See* 8 C.F.R. § 208.13(b)(1)(I) (providing that an IJ "shall deny the asylum application of an alien found to be a refugee on the basis of past persecution" if he or she finds by a preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no

Law Offices of Parker Waggaman, P.C., New York, NY, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Keith Robinson, Assistant United States Attorney, Dallas, TX, for Respondent.

longer has a well-founded fear of persecution in the applicant's country of nationality."). Specifically, the State Department Country Report for 2002 indicated that (1) "the devastating 11–year civil conflict [in Sierra Leone] officially ended when all parties to the conflict issued a Declaration of the End of the War," (2) the official government "asserted control over the whole country," (3) disarmament and demobilization of rebel groups was completed and (4) "there were no reports that RUF members were responsible for killings during the year or [that they] killed ex-combatants who had fled the group." Koroma has not identified any evidence in the record that would cast doubt on the BIA's conclusion, based on the evidence cited above, that a person in his circumstances no longer need fear persecution in Sierra Leone, let alone any that would compel a contrary conclusion.

■ Because the BIA's finding that conditions in Sierra Leone have fundamentally changed was supported by substantial evidence and is dispositive of Koroma's asylum claim, we do not address Koroma's various arguments challenging the BIA's finding that Koroma failed to establish a nexus between the serious mistreatment he suffered and any protected ground. Having failed to meet the standard for asylum, Koroma necessarily is unable to make the greater showing necessary to obtain withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Finally, we note that Koroma did not challenge the BIA's decision to deny him CAT relief; therefore he has waived any claims with respect to that conclusion. *See Yeuqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, Koroma's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).